UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONNA MELILLO,                                                          Civil Action No.


                                Plaintiff,

     -against-                                                          **COMPLAINT**

AXA ADVISORS, LLC,
AXA EQUITABLE HOLDINGS, INC., and
and DANIEL WORTHINGTON, individually,                                   Plaintiff Demands a Trial
                                                                        By Jury


                                Defendants.
------------------------------------------------------------------------X

Plaintiff, DONNA MELILLO, (hereinafter referred to as "Plaintiff" and/or "MELILLO"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for Plaintiff's Complaint in this action against the Defendants, AXA ADVISORS, LLC, AXA EQUITABLE HOLDINGS, INC., and DANIEL WORTHINGTON, (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to, *inter alia,* Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the New York State Human Rights Law; New York Executive Law, § 290, *et seq.* ("the Executive Law"); and the Administrative Code of

the City of New York 8-107 *et seq.* ("NYCHRL"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, sex discrimination, together with hostile work environment, sexual harassment, and retaliation by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on November 20, 2018.

5. Plaintiff received a Notice of Right to Sue letter on April 24, 2019.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that a substantial part of the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

8. Plaintiff MELILLO is an individual female who is a resident of the State of New Jersey, Middlesex County.

9. At all times relevant to this Complaint, Plaintiff MELILLO was employed by Defendant AXA EQUITABLE HOLDINGS, INC. as a Senior Manager at 1290 Avenue of the Americas, New York, NY 10104.

10. At all times material, Defendant AXA EQUITABLE HOLDINGS, INC. (hereinafter referred to as "Defendant AXA EQUITABLE" and/or "AXA EQUITABLE") is a Foreign Business Corporation duly existing by the virtue and laws of the State of Delaware that is authorized to do business in the State of New York.

11. At all times material, Defendant AXA ADVISORS, LLC (hereinafter referred to as "Defendant AXA ADVISORS" and/or "AXA ADVISORS") is a Foreign Limited Liability Company duly existing by the virtue and laws of the State of Delaware that is authorized to do business in the State of New York.

12. At all times material, AXA ADVISORS is a subsidiary of AXA EQUITABLE.

13. At all times material, AXA ADVISORS and AXA EQUITABLE (hereinafter collectively referred to as "Defendants AXA" and/or "AXA") jointly employed Plaintiff.

14. At all times material, Defendant DANIEL WORTHINGTON (hereinafter referred to as "Defendant WORTHINGTON" and/or "WORTHINGTON") was the Executive Vice President and San Francisco Branch Manager of AXA ADVISORS.

15. Although no longer employed by Defendants AXA, Defendant WORTHINGTON is still licensed and appointed with AXA ADVISORS.

16. Defendant WORTHINGTON is an individual heterosexual male. Defendant WORTHINGTON held a supervisory position at Defendant AXA, controlling many tangible aspects of Plaintiff's job duties.

17. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## FACTUAL ALLEGATIONS

18. In or around November 2014, Defendants hired Plaintiff as a temporary employee.

19. In or around May 2015, Defendants promoted Plaintiff to a full-time role as an Executive Assistant. Plaintiff was subsequently promoted to her current role of Senior Manager, Executive Assistant to the President at AXA.

20. On or about October 1, 2018, Plaintiff MELILLO, WORTHINGTON, MATT DRUMMOND (hereinafter referred to as "DRUMMOND"), Head of Tax-Exempt Sales and Business Development, and other representatives from AXA's Group Retirement Division and Marketing Department, travelled to San Francisco to host a financial seminar event.

21. Plaintiff stayed at the Walnut Creek Marriot in Walnut Creek, San Francisco during this work trip.

22. On or about October 2, 2018, Plaintiff provided operational support for the event including facilitating participant registration, organizational logistics, and serving as on-call support during the above-mentioned seminar.

23. During the seminar, alcoholic drinks were served, and WORTHINGTON consumed multiple alcoholic drinks.

24. Following the event, upon WORTHINGTON's insistence, Plaintiff and the rest of the team walked about a block away to a Japanese restaurant for drinks and dinner, where WORTHINGTON further ordered and consumed multiple rounds of beer and sake.

25. Following dinner, WORTHINGTON insisted that the group take an UberX to a nearby establishment, "Tiki Tom's," in order to continue drinking. Plaintiff felt obligated to attend.

26. When an UberX arrived to transport the group, WORTHINGTON sat next to Plaintiff. During the ride to "Tiki Toms," WORTHINGTON placed his hand on Plaintiff's thigh.

27. Startled by WORTHINGTON's sudden and unwanted advance, Plaintiff immediately pushed WORTHINGTON's hand off her thigh.

28. Upon arriving at "Tiki Tom's," WORTHINGTON continued to order and consume alcoholic drinks and become extremely intoxicated, dancing shirtless in the establishment.

29. WORTHINGTON continued to repeatedly make unwanted physical contact with Plaintiff, despite Plaintiff protesting and clearly expressing that WORTHINGTON's actions made her intensely uncomfortable.

30. By way of example, WORTHINGTON repeatedly massaged Plaintiff's shoulders, fondled Plaintiff's waist, groped Plaintiff on her backside, and pulled Plaintiff into his arms while she was dancing with other co-workers.

31. When Plaintiff expressed physical discomfort at WORTHINGTON's actions, WORTHINGTON ignored her objections and then verbalized his sexual desires by repeatedly telling Plaintiff, "**YOU'RE HOT,**" "**I WANT TO MAKE OUT**," and "**YOU'RE SEXY,**" amongst other sexually suggestive remarks and innuendos.

32. WORTHINGTON further made his sexual intentions plain, telling Plaintiff, "**I REALLY THINK YOU SHOULD COME HOME WITH ME. MY WIFE IS AWAY.**"

33. Plaintiff again expressly rejected WORTHINGTON's unwanted sexual advances, telling him, "**THAT'S NOT GOING TO HAPPEN**."

34. Despite her consistent objections, WORTHINGTON continued to sexually harass Plaintiff throughout the evening in front of other employees and supervisors.

35. Defendants subjected Plaintiff to a hostile work environment on the basis of her gender.

36. Plaintiff became so uncomfortable and intimidated by WORTHINGTON'S actions that she rushed off to the women's restroom.

37. When she returned, Plaintiff found that all her co-workers had left "Tiki Toms," except DRUMMOND and WORTHINGTON. Plaintiff then asked where her co-workers had gone and WORTHINGTON responded to Plaintiff that, "**I THINK I JUST GOT FIRED. I SMACKED HER ASS AND SHE LEFT.**" Upon information and belief, WORTHINGTON was referring to a female co-worker of Plaintiff's at AXA.

38. WORTHINGTON, through his position at AXA, sexually harassed both Plaintiff and another female employee on or about October 2, 2018.

39. Upon information and belief, this was not the first instance of sexual misconduct perpetrated by WORTHINGTON and complained about by an employee of AXA ADVISORS.

40. Upon information and belief, this was another instance in WORTHINGTON's well-established pattern of sexual misconduct at the workplace.

41. Shortly after hearing WORTHINGTON admit he had sexually assaulted a co-worker in addition to herself, Plaintiff ordered a single Uber for herself in order to head back to her hotel alone.

42. DRUMMOND and WORTHINGTON each also left "Tiki Toms" at this time and ordered their own Ubers.

43. DRUMMOND's Uber arrived first, leaving Plaintiff and WORTHINGTON alone outside "Tiki Toms."

44. Next, WORTHINGTON's Uber arrived at their location. WORTHINGTON aggressively approached Plaintiff, grabbed her, thrust his body against her, and forcibly kissed Plaintiff on her lips, attempting to shove his tongue down her throat.

45. Plaintiff immediately objected to WORTHINGTON'S unwanted physical contact, pushed him away from her, and emphatically shouted, "**YOU NEED TO GO!**"

46. Various bouncers outside "Tiki Tom's" witnessed this altercation.

47. Upon information and belief, WORTHINGTON had previously been warned several times by AXA about his inappropriate conduct at work events.

48. Upon information and belief, despite being aware of his discriminatory misconduct AXA took no immediate or corrective action against WORTHINGTON.

49. Defendants discriminated against Plaintiff on the basis of Plaintiff's gender, and because Plaintiff complained or opposed the unlawful conduct of Defendants related to the above protected classes.

50. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

51. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

52. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, excessive anxiety, and physical ailments.

53. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured irreparable damage to Plaintiff's professional reputation.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

56. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

57. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(As against the Defendant Company/Corporation and Not Against Individual Defendants)**

58. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

59. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

60. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Among other discriminatory comments and conduct, Defendant AXA discriminated against Plaintiff on the basis of Plaintiff's sex and creating a hostile work environment. Plaintiff complains of Defendant AXA's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

61. AXA engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

62. AXA violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (As against the Defendant Company/Corporation and Not Against Individual Defendants)

63. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

64. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

65. Defendant AXA engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

66. AXA violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

67. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

68. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

69. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex/gender, as well as creating a hostile work environment.

70. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296 including sex/gender and race.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

73. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

74. Defendants engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

75. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

76. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

77. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

78. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

79. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

80. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

81. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

83. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability,

marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

85. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

87. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

88. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

89. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

90. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

91. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

92. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

93. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

94. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

95. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

96. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

97. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

98. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere

with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

99. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION
### FOR EMPLOYER LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

100. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

101. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. The employee or agent exercised managerial or supervisory responsibility; or

   ii. The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or

>> agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
> iii. The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

102. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY
### (AGAINST DEFENDANT WORTHINGTON)

103. Plaintiff repeats and re-alleges each and every allegation made in this complaint as if they were set forth herein fully at length.

104. The aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant WORTHINGTON did suddenly and without provocation, did physically assault and batter Plaintiff, herein causing Plaintiff to sustain damages; in that Defendant WORTHINGTON did conduct himself in a wanton, willful, reckless and heedless manner without regard to the safety of the Plaintiff herein; in that said Defendant was physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the plaintiff; in willfully and maliciously assaulting and battering the Plaintiff herein.

105. As a result of Defendant WORTHINGTON's acts of assault and battery, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A TWELFTH CAUSE OF ACTION
## <u>FOR VIOLATING THE GENDER MOTIVATED VIOLENCE PROTECTION ACT</u>
## <u>(AGAINST DEFENDANT WORTHINGTON)</u>

106. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

107. N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

108. N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

109. N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

110. Defendant WORTHINGTON's conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

111. Defendant WORTHINGTON violated the sections cited herein as set forth and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Date: July 23, 2019
New York, New York

MelliloRespectfully Submitted,
**DEREK SMITH LAW GROUP, PLLC.**
Attorneys for Plaintiff

BY: ___/s/ Ishan Dave_____
Ishan Dave, Esq.
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 587-0760